UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| NAITRAJ DAVID, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF RICHMOND POLICE ) <br> DEPARTMENT, ) <br> ) <br> Serve: Haskell C. Brown, III, Esq. ) <br>     Interim City Attorney ) <br>     900 East Broad Street, Suite 400 ) <br>     Richmond, VA 23219 ) <br> ) <br> Defendant. ) <br> ) | Case No.: 3:21-cv-465-JAG <br><br><br><br><br><br> **TRIAL BY JURY DEMANDED** |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Plaintiff, Naitraj David ("Plaintiff"), by and through his undersigned counsel, and brings this action for damages against Defendant, City of Richmond Police Department ("Defendant"), and alleges as follows:

SUMMARY OF THE ACTION

1. This is a civil rights action brought by Plaintiff, a current Defendant employee who has been discriminated and retaliated against by Defendant because of his race, national origin, age, and participation in Equal Employment Opportunity ("EEO") protected activity. Plaintiff has also been subjected to a hostile work environment by way of unwarranted personnel actions being taken against him, having his seniority disregarded and disrespected, and all together being treated differently when compared to other similarly situated employees who are not of his protected classes.

1

2. As a result of this discrimination and retaliation, Plaintiff is seeking all available remedies, including back pay and benefits, and other compensatory damages, as well as his attorney's fees and expenses.

## JURY TRIAL DEMAND

3. Under Fed. R. Civ. P. 38 (b), Plaintiff hereby demand trial by jury on all issues triable to a jury of the within action, including this First Amended Complaint, and any further pleadings.

## PARTIES

4. Plaintiff, Naitraj David, is a citizen of the United States, is Asian, specifically of Trinidadian Indian descent, and is a resident of Chester County, Virginia. Plaintiff is an employee of Defendant, employed as a Master Patrol Officer ("MPO(s)"), at located at 200 West Grace Street, Richmond, VA 23220, in Richmond City County, VA. Plaintiff is informed and believes, and alleges that at all times relevant herein, Defendant/Defendant was responsible in some manner for the occurrences, offenses, and injuries alleged in this complaint. Plaintiff will further amend this Complaint, if needed, to show or correct for true names and capacities, and facts, when the same have been ascertained.

5. Since on and after January 1, 2004, Defendant has been a municipal public agency and an employer subject to the requirement of, *inter alia*, Title VII.

6. From all times relevant to this Complaint, Plaintiff's chain of command included the following individuals: Captain Daniel S. Minton ("Cpt. Minton") and Sergeant Jeremy Nierman ("Sgt. Nierman"), among others.

## JURISDICTION AND VENUE

7. This action arises under the Age Discrimination in Employment of Act of 1967, as codified, 29 U.S.C §§ 621 to 634 ("ADEA"), Title VII of the Civil Rights Act of 1964, as

amended ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

8. This Court has proper subject matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. §§ 1331 *et seq.* (federal question) and 1343 (civil rights).

9. Venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. 1981a, and Defendant is subject to the personal jurisdiction of this Court in the Eastern District of Virginia because Defendant maintains facilities and business operations in this District, and all or most of the events and issues giving rise to this action occurred in this District in Richmond, VA. 28 U.S.C. § 1391(b); 42 U.S.C. § 2000e-5(f).

10. Venue is further proper in this judicial District pursuant to 28 U.S.C. § 1391(b)(1) and (d), this Division under L.C.R. 3(B)(4), and under 42 U.S.C. Section 2000e-5(f)(3) and 5 U.S.C. § 7703(b)(2); as Plaintiff is employed by Defendant at Richmond City County, Virginia, where the alleged offenses and injuries occurred, and plaintiff's employment records are maintained by Defendant in this judicial District and Division.

## STANDING

11. Plaintiff has satisfied all of the procedural and administrative requirements set forth in Section 706 of Title VII, 42 U.S.C. § 2000e-5, in particular:

   a. On June 22, 2020, Plaintiff submitted a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) under Agency Case No. 438-2020-01052 ("Charge") alleging that he was discriminated against based on race, national origin, and age when he was denied a promotion to the Master Patrol Officer position that a younger Caucasian male was selected for on November 28, 2019.

3

  b. As such, the Charge was timely filed with the EEOC within three hundred (300) days from the latest date of discrimination relative to this matter.

  c. On April 19, 2021, Plaintiff received the Notice of Right to Sue letter from the EEOC, and on July 19, 2021 Plaintiff timely filed his original complaint with this court within 90 days from receipt of the Notice of Right to Sue.

12. Pursuant to 29 C.F.R. §1614.407(b), Plaintiff is authorized to file this civil action in an appropriate U.S. District Court.

## FACTUAL ALLEGATIONS

13. Plaintiff has been employed by Defendant as a law enforcement officer ("Officer") since July 2007.

~~14.~~ On or around November 2019, a temporary, internal position for Acting Sergeant became available in Defendant.

15. Prior to this, Plaintiff was appointed to the Acting Sergeant position eight times and served without issue, always being commended for his excellent job performance in the Acting Sergeant role each time by his superiors.

16. Plaintiff was one of the two MPOs in Defendant assigned to the shift where this Acting Sergeant position became available that were qualified to fill the position in accordance with General Order 5.5. MPO George Banks ("MPO Banks"), an African American male, over the age of 40, was the other qualified individual for the position at the time.

17. On November 28, 2019, Plaintiff was notified by Lieutenant Fleming ("Lt. Fleming") and Sgt. Nierman that the position was filled by another Officer.

18. On or around November 28, 2019, Cpt. Minton, a white Caucasian male, promoted a younger Caucasian male, David Marakovich ("Officer Marakovich"), who is under 40 years old, to the Acting Sergeant position.

19. Based on Defendant's policy found in General Order 5.5, any sworn Defendant members selected as an MPO shall serve in a support function for shift sergeants and as an Acting Sergeant or other supervisor capacity in their absence. Officer Marakovich did not have the requisite experience as he was not an MPO and did not meet the minimum qualifications and/or requirements to be promoted to the Acting Sergeant position as defined in General Order 5.5.

20. On November 29, 2019, Plaintiff complained to Cpt. Minton via email regarding the promotion and unequal terms and conditions of employment he was being subjected to as a result of the non-selection.

21. On December 3, 2019, Plaintiff met with Cpt. Minton in his office in the presence of Lt. Fleming. Captain Minton stated that he made the decision to promote the younger, Caucasian male Officer to Acting Sergeant because he wanted to give Officer Marakovich an opportunity to use the temporary promotion as an added advantage during the selection process for a possible permanent promotion to Sergeant, and that it would give him an opportunity to see how Officer Marakovich performs in the position. He also stated that he spoke to Defendant's Human Resources ("HR") and that HR stated that it did not think that there was any discrimination in his selection.

22. During the meeting on December 3, 2019, Cpt. Minton and Lt. Fleming praised Plaintiff and gave him positive feedback regarding his performance as an Acting Sergeant at the precinct in the past, noting his leadership, professionalism, and his ability to train Officers in the precinct as full time officers (FTOs).

23.     Throughout his 14-year tenure with Defendant, Plaintiff has never been offered or given an opportunity to increase his promotion prospects like the one Cpt. Minton provided to Officer Marakovich.

24.     On December 11, 2019, Plaintiff sent an email to the Chief of Police William Smith ("Chief Smith"), Deputy Chief John O'Kleasky ("Deputy Chief O'Kleasky"), and Police Major Darrell Goins ("Major Goins"), regarding the promotion being given to the younger, Caucasian officer in violation of local policies and the unequal terms and conditions of employment Plaintiff was being subjected to.

25.     On January 10, 2020, Plaintiff was contacted by Defendant's HR Division Chief, Ms. Tull ("Ms. Tull") regarding a fact-finding investigation that was being initiated into his complaints relating to the non-selection for the Acting Sergeant position (the "Investigation").

26.     On January 22, 2020, Plaintiff contacted Ms. Tull regarding the outcome of the Investigation. On January 23, 2020, Plaintiff was contacted by Ms. Tull stating that the Investigation was still on-going and was being handled by the Office of General Counsel.

27.     On March 4, 2020, Plaintiff received a letter from Ms. Tull stating that the Investigation determined that General Order 5.5, Master Patrol Officer Program, was violated; however, the Investigation also determined that a violation of Administrative Regulation 4.22, Anti-Discrimination, was unfounded stating that the facts of the decision-making process did not reveal any protected class characteristics influenced the decision.

28.     On or around June 22, 2020, Plaintiff contacted the EEOC and filed the Charge.

29.     On July 30, 2020, Plaintiff emailed Ms. Tull, and Deputy Chief O'Kleasky, complaining of additional instances of retaliation that he was subjected to by Sgt. Neirman, after filing the Charge.

30. On or around June 13, 2020, Officer Francis Dumansky ("Officer Dumansky") heard Sgt. Nierman say he wanted to "take [Plaintiff's] stripes" in reference to Plaintiff's current MPO position. Sgt. Neirman stated this out loud in public in the hallway of fourth precinct.

31. On or around July 18, 2020, Sgt. Nierman told Sergeant Jennifer Ward ("Sgt. Ward") that Plaintiff and his partner, Officer Paul Gaines ("Officer Gaines"), were out of their designated patrol area even though they were not. Sgt. Nierman had all the resources to verify his accusation against Plaintiff as false but did not do so and instead reported this false information to Sgt. Ward.

32. Between May 2020 through September 2020, Sgt. Nierman showed very little concern for the safety of Plaintiff and Officer Gaines when reassigning them to another task during the Civil Unrest Assignments that arose in due to protestors in the City of Richmond following the Black Lives Matter protests without providing them with any proper riot equipment to protect themselves or additional support to assist with protestors. When Plaintiff brought up this up to Sgt Nierman while on a Civil Unrest Assignment, Sgt. Nierman responded "what do you want me to tell you?" in a disgruntled tone, as if he was annoyed by Plaintiff reaching out.

33. On or around July 31, 2020, Plaintiff was informed by Ms. Tull that his complaint had been referred to Internal Affairs for investigation. From September 19, 2020 to current, Plaintiff has not received a response from anyone in Internal Affairs in regard to his Charge or any conclusion on the matters that were referred to Internal Affairs.

34. Very soon after outdoor rollcall was initiated in Defendant due to the COVID 19 pandemic, Officer Fowler ("Officer Fowler"), a less senior officer than Plaintiff, was in possession of keys to the vehicle Plaintiff was assigned to and when asked if he had Plaintiff's keys, Officer Flower confirmed he did and said "what, do you want to fight me for it?" This was

said to Plaintiff in front of a group of officers and near Sgt. Nierman. However, Sgt. Nierman did nothing and allowed Plaintiff's rank and seniority to be disregarded and disrespected by a less experienced, younger, lower ranking officer in front of the early relief shift of employees.

35. Between July 2020 and September 2020, Plaintiff informed Sgt. Nierman that he was unable to locate an FR-300 Report that he completed previously. Instead of trying to help or assist in any way, Sgt. Nierman said, with a threatening and condescending tone to Plaintiff without provocation, "you know that's a write up."

36. Between July and September 2020, Sgt. Nierman disregarded Plaintiff's seniority and rank when he allowed a much younger and inexperienced Officer, Officer Baylor ("Officer Baylor"), to take the keys to Plaintiff's assigned vehicle during a shift without consulting him first. When Plaintiff went to go sign his keys out, Sgt. Nierman stated that Plaintiff needed to be mindful of "these millennial kids", heavily insinuating that Plaintiff should have let Officer Baylor have the keys to his vehicle.

37. Between July 2020 and September 18, 2020, Sgt. Nierman extended privileges and opportunities such as assisting with rollcall to the newest MPO, Mr. Leone ("MPO Leone") , while excluding Plaintiff and MPO Banks, the latter an African American male MPO.

38. On or around March 18, 2021, Plaintiff received an email on behalf of HR requesting his presence at a meeting on March 30, 2021. He and Sgt. Nierman were to meet and mediate Plaintiff's issues. Plaintiff responded he was uncomfortable being within the same vicinity as Sgt Nierman, given the nature of his retaliatory behavior and actions towards and against him, but reluctantly agreed.

39. On or around March 30, 2021, Plaintiff sent an email to HR stating that he did not wish to attend the mediation meeting with Sgt. Nierman and that he felt compelled to attend.

40. On or around June 9, 2021, Plaintiff was issued a reprimand for not appearing in Juvenile and Domestic Relations Traffic Court on May 6, 2021. A reprimand has not historically been issued to other officers outside of Plaintiff's racial and age class who have failed to appear in Juvenile and Domestic Relations Traffic Court in the past.

41. Prior to receiving the reprimand on June 9, 2021, Plaintiff had never been issued any disciplinary action throughout his tenure with Defendant which began in July 2007.

42. Plaintiff has dedicated his entire career to serving the community as an Officer of Defendant and consistently performs his job duties in a professional and above satisfactory manner – as noted in all his past quarterly performance appraisals in which he consistently receives an above average rating on, including for the previous eight times he held the Acting Sergeant position. He has also been awarded and commended for his positive performance and appraisals throughout his tenure by his superiors.

**Count No. 1**
**Violations of the Title VII of the Civil Rights Act of 1964,**
**as amended, 42 U.S.C. §§ 2000e, et seq.**
(Disparate Treatment-Unlawful Discrimination Based on Race)

43. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this First Amended Complaint with the same force and vigor as if set out here in full.

44. Plaintiff is an Asian male.

45. Plaintiff's work performance met or exceeded and continues to meet or exceed the performance expectations of Defendant.

46. During Plaintiff's employment, Defendant engaged in unlawful discriminatory employment practices by discriminating against him with respect to the terms and conditions of his employment based on his race.

9

47. The unlawful employment practices include, without limitation, disparate treatment, and unwarranted discipline because of Plaintiff's race.

48. Other similarly situated employees who were not of Plaintiff's race did not face such disparate treatment or unwarranted discipline.

49. Plaintiff's race was a motivating factor of Defendant in engaging in the unlawful employment practices.

50. The effect of these practices deprived Plaintiff of equal employment opportunities and otherwise adversely affected his employment status because of his race.

51. These unlawful employment practices were intentional.

52. The unlawful employment practices were undertaken with malice or with reckless indifference to Plaintiff's federally protected rights.

53. As a direct and foreseeable result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, generally physical, mental, and psychological damage in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress, all to his damage, in amounts within the jurisdictional limits of this Court, to be proved at trial.

54. As a direct, foreseeable, and proximate result of Defendant's unlawful conduct, Plaintiff has been injured in that he has suffered, and will continue to suffer, a loss of wages and salary, bonuses, compensation, employment benefits, career path opportunities, and expenses, in an amount to be proven at trial.

55. In acting as alleged herein, Defendant has acted maliciously, fraudulently, despicably, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper motive

amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is entitled to recover punitive damages from Defendant in amounts to be proved at trial.

56. As a result of Defendant's acts of discrimination as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit.

**Count No. 2**
**Violations of the Title VII of the Civil Rights Act of 1964, as amended**
**42 U.S.C. §§ 2000e, et seq.**
**(Disparate Treatment-Unlawful Discrimination Based on National Origin)**

57. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this First Amended Complaint with the same force and vigor as if set out here in full.

58. Plaintiff is of Trinidadian Indian descent.

59. During Plaintiff's employment, Defendant engaged in unlawful discriminatory employment practices by discriminating against him with respect to the terms and conditions of his employment based on his national origin.

60. The unlawful employment practices include, without limitation, disparate treatment, and unwarranted discipline because of Plaintiff's national origin.

61. Other similarly situated employees who were not of Plaintiff's national origin did not face such disparate treatment or unwarranted discipline.

62. The effect of these practices deprived Plaintiff of equal employment opportunities and otherwise adversely affected his employment status because of his national origin.

63. These unlawful employment practices were intentional.

64. The unlawful employment practices were undertaken with malice or with reckless indifference to Plaintiff's federally protected rights.

65. As a direct and foreseeable result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, generally physical, mental, and psychological damage in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress, all to his damage, in amounts within the jurisdictional limits of this Court, to be proved at trial.

66. As a direct, foreseeable, and proximate result of Defendant's unlawful conduct, Plaintiff has been injured in that he has suffered, and will continue to suffer, a loss of wages and salary, bonuses, compensation, employment benefits, career path opportunities, and expenses, in an amount to be proven at trial.

67. In acting as alleged herein, Defendant has acted maliciously, fraudulently, despicably, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is entitled to recover punitive damages from Defendant in amounts to be proved at trial.

68. As a result of Defendant's acts of discrimination as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit.

## Count No. 3
## Violations of the Age Discrimination in Employment Act of 1967
## 29 U.S.C. §621 et. seq.
### (Disparate Treatment-Unlawful Age Discrimination)

69. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this First Amended Complaint with the same force and vigor as if set out here in full.

70. Plaintiff was 55 years old at the time he filed the Charge.

71. During Plaintiff's employment, Defendant engaged in unlawful discriminatory employment practices by discriminating against him with respect to the terms and conditions of his employment based on his age.

72. The unlawful employment practices include, without limitation, disparate treatment, and unwarranted discipline because of Plaintiff's age.

73. Plaintiff was qualified for the position of Acting Sergeant.

74. A significantly younger, unqualified individual was promoted instead of Plaintiff in violation of Defendant policy.

75. These unlawful employment practices were intentional.

76. As a direct and foreseeable result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, generally physical, mental, and psychological damage in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress, all to his damage, in amounts within the jurisdictional limits of this Court, to be proved at trial.

77. As a direct, foreseeable, and proximate result of Defendant's unlawful conduct, Plaintiff has been injured in that he has suffered, and will continue to suffer, a loss of wages and salary, bonuses, compensation, employment benefits, career path opportunities, and expenses, in an amount to be proven at trial.

78. In acting as alleged herein, Defendant has acted maliciously, fraudulently, despicably, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is entitled to recover punitive damages from Defendant in amounts to be proved at trial.

79. As a result of Defendant's acts of discrimination as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit.

### Count No. 4
### Retaliation in Violation of Title VII
### 42 U.S.C. §§ 2000e, et seq.
### (Retaliation for Engaging in Protected Activity)

80. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this First Amended Complaint with the same force and vigor as if set out here in full.

81. Title VII prohibits agencies from causing a hostile work environment for its employees.

82. During Plaintiff's employment he had a good faith belief that Defendant was engaging in discriminatory conduct in violation of Title VII.

83. Plaintiff engaged in protected opposition to Defendant's unlawful employment practices by complaining about discrimination to his chain of command.

84. After and in retaliation to Plaintiff's opposition to what he reasonably believed to be Defendant's unlawful discrimination against him, Defendant created a hostile and oppressive work environment that Plaintiff was subjected to including disparate treatment, unwarranted discipline being issued against him, and having his rank and seniority disregarded and disrespected.

85. The effect of these practices deprived Plaintiff of equal employment opportunities and otherwise adversely affected his employment status because of his race, national origin, age and engagement in EEO protected activity.

86. These unlawful employment practices were intentional.

87. As a direct and foreseeable result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, generally physical, mental, and psychological damage in the form of

extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress, all to his damage, in amounts within the jurisdictional limits of this Court, to be proved at trial.

88. As a direct, foreseeable, and proximate result of Defendant's unlawful conduct, Plaintiff has been injured in that he has suffered, and will continue to suffer, a loss of wages and salary, bonuses, compensation, employment benefits, career path opportunities, and expenses, in an amount to be proven at trial.

89. In acting as alleged herein, Defendant has acted maliciously, fraudulently, despicably, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is entitled to recover punitive damages from Defendant in amounts to be proved at trial.

90. As a result of Defendant's acts of discrimination as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit.

91. Pursuant to the remedies, procedures, and rights set forth in 29 U.S.C. § 794a, Plaintiff prays for relief as set forth below.

## **CONCLUSION**

WHEREFORE, the premises considered, Plaintiff respectfully prays that this Honorable Court:

a) Enter judgment on Plaintiff's behalf against Defendant;

b) Enter an Order declaring that Defendant violated Plaintiff's rights under the Age Discrimination in Employment of Act of 1967, Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, and restraining and enjoining Defendant from further violations;

c) Enter an Order that Defendants be required to promulgate an effective policy against such discrimination and to adhere thereto;

d) Enter an Order directing injunctive relief where appropriate and applicable;

e) Award Plaintiff compensatory damages, in an amount to be determined at trial;

f) Award Plaintiff any and all accrued employment benefits, in an amount to be determined at trial;

g) Award Plaintiff punitive damages due to Defendant's willful, wanton, and vindictive conduct, in an amount to be determined at trial;

h) Award Plaintiff his full costs and reasonable attorney's fees, pre-judgment interest and post-judgement interest, as applicable; and

i) Grant such other relief as this Court may consider just and proper

Dated: December 13, 2021                                Respectfully submitted,

                                                        NAITRAJ DAVID

                                                        By: /s/ _Robert Powers_____
                                                        Robert Powers, Esq.
                                                        Steven Anderson, Esq.
                                                        MCCLANAHAN POWERS, PLLC
                                                        3160 Fairview Park Drive, Suite 410
                                                        Falls Church, VA 22042
                                                        Telephone: (703) 520-1326
                                                        Facsimile:  (703) 828-0205
                                                        Email: rpowers@mcplegal.com
                                                                   sanderson@mcplegal.com
                                                                   dmurphy@mcplegal.com

                                                        Andi Kasimati, Esq. (*Pro Hac Vice Application Forthcoming*)
                                                        SOLOMON, MAHARAJ & KASIMATI, P.A.
                                                        601 N. Ashley Drive, Suite 1100-192
                                                        Tampa, FL 33602
                                                        Telephone: (813)-497-7650
                                                        Facsimile:  (813) 434-2386

              Email: andi@smkfirm.com
                  daniel@smkfirm.com
              *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on December 13, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing document via CM/ECF.

Date: December 13, 2021           By: /s/ ___Robert Powers_____
                      One of the Attorneys for Plaintiff,
                      NAITRAJ DAVID